IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 13 C 988 |
| | ) |
| MOYENDA M. KNAPP, | ) |
| JUANITA B. RODRIGUEZ, | ) |
| and JOHNSON & BELL, LTD., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Scottsdale Insurance Company (Scottsdale), as subrogee of the City of Markham (Markham), has filed suit against attorneys Moyenda Knapp and Juanita Rodriguez and their law firm, Johnson & Bell, Ltd., for legal malpractice in connection with their representation of Markham in defense of a malicious prosecution lawsuit. Scottsdale seeks reimbursement from defendants of the amounts it paid to satisfy an adverse judgment in the case. Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(7) on the ground that Markham is a necessary party that Scottsdale has failed to join. For the reasons stated below, the Court denies defendants' motion.

**Background**

In 2008, Terrance White, a Markham police officer, filed suit against Markham for malicious prosecution. Upon being served with summons in the White case, Markham tendered the defense of the case to Scottsdale pursuant to a liability insurance policy

that it had purchased from Scottsdale. Markham sought indemnification and a defense in the White case. Scottsdale denied coverage on May 16, 2008 and provided neither defense nor indemnification in the action.

Markham later retained Johnson & Bell to defend it in the White case. On October 13, 2010, Markham again requested that Scottsdale provide it with a defense and indemnification in the case. Scottsdale again declined coverage on October 20, 2010.

The White case went to trial on February 7, 2011. On February 15, 2011, a jury returned a $2,253,273 verdict in favor of White. Markham's insurance coverage counsel made yet another demand on Scottsdale to accept the defense of the White case, on March 16, 2011. On April 15, 2011, Johnson & Bell filed a post-trial motion seeking judgment notwithstanding the verdict or, in the alternative, a new trial.

On April 19, 2011, Scottsdale reversed its previous decisions and agreed to defend and indemnify Markham in the White case. Scottsdale terminated Johnson & Bell and retained counsel of its choice to represent Markham for the remainder of the proceedings in the case. After the retention of the new counsel, Scottsdale agreed to settle the case for $1.7 million.

Scottsdale, as subrogee of Markham, has now filed a legal malpractice claim against defendants. Scottsdale claims that before it accepted coverage in the matter, defendants were negligent in their representation of Markham. Scottsdale seeks to recover the sum it paid to settle the case.

## Discussion

Defendants contend that Scottsdale's lawsuit should be dismissed because

Scottsdale has failed to join a necessary party. They contend that because Markham paid a deductible under the insurance policy, it owns a portion of the malpractice claim and is therefore a necessary party to the action. Defendants also contend that Scottsdale was a complete stranger to the attorney-client relationship and that allowing the insurer to prosecute the case without joining Markham as a party would prejudice both Markham and Johnson and Bell. Defendants argue that in a standard legal malpractice action, the suing client is deemed to have waived the attorney-client privilege. Because Scottsdale was never the law firm's client, defendants contend, the privilege will remain intact, and they will not be able to introduce communications they had with their client (Markham) in order to defend against Scottsdale's lawsuit. Defendants also contend that Markham may be prejudiced by the potentially preclusive effect of a judgment against Scottsdale. In addition, defendants argue that Markham owns a portion of the malpractice claim due to its payment of the deductible, and thus proceeding in Markham's absence may result in multiple malpractice lawsuits against defendants. On a more basic level, defendants contend – albeit only in a footnote in their opening brief, though more fully in their reply brief – that Scottsdale was a "volunteer" in paying the settlement and thus is not entitled to subrogation.

Scottsdale contends that Markham is not a necessary party to the action. It argues that it is fully subrogated to the loss that it has sued to recover. Although conceding that Markham paid a deductible, Scottsdale contends that this amount was incurred in paying for Markham's defense and was unrelated to Scottsdale's obligation to indemnify Markham. Scottsdale states that in this case, it seeks to recover only the amount that it paid in settlement of the case, and not any of the amount paid for the

3

defense of the White case. Scottsdale also contends that because, as equitable subrogee, it steps into Markham's shoes, defendants will be able to offer privileged communications with Markham to defend against Scottsdale's claim just as they could if Markham had sued. Finally, Scottsdale notes that Markham has ratified Scottsdale's action in filing this suit, and it contends that there is no basis to believe that Markham has any intention of bringing its own suit against defendants.

Defendants have filed their motion pursuant to Federal Rule of Civil Procedure 12(b)(7), which provides that a defendant may move to dismiss a claim based on the failure to join a party under Rule 19. A party that meets the requirements of Federal Rule of Civil Procedure 19(a) must be joined if feasible. If joinder is not feasible, then the Court must determine, applying the criteria of Rule 19(b), whether the action can proceed in the party's absence.

Defendants cite *Wadsworth v. U.S. Postal Service*, 511 F. 2d 64, 65-66 (7th Cir. 1975), for the proposition that "if the party whose joinder is sought is a 'real party in interest' pursuant to Federal Rule of Civil Procedure 17(a), that party is to be considered as being a necessary party for purposes of joinder without having to meet the requirements of Rule 19(a)." Assuming that is a correct reading of *Wadsworth*,[1] it does not help defendants. Scottsdale has expressly confined its claim to recovery of the amount it paid to indemnify Markham in the White case. Markham, which paid none of that money, is not the real party in interest regarding this claim.

More particularly, the question of whether Markham is a real party in interest

---

[1] Based on the court's citation in *Wadsworth* of *United States v. Aetna Cas. & Sur. Co.*, 388 U.S. 366 (1949), it appears to this Court that *Wadsworth* simply says that in an action by an insurer to recover amounts it paid on a claim, if the insurer did not pay the entire claim, the insured and any other insurers that paid on the claim must be joined as plaintiffs. *See id.* at 380-81.

4

turns on whether Scottsdale is partially or fully subrogated to the claim that it asserts. *See State Farm Fire & Cas. Co. v. Electrolux Home Products, Inc.*, No. 11 C 8946, 2012 WL 1287698, at *1-3 (N.D. Ill. Apr. 16, 2012). Generally speaking, if a deductible was paid, then under Illinois law, both the insurer and the deductible-paying insured own a portion of a claim that involves reimbursement. *See In re The Chicago Flood*, No. 93 C 1214, 1993 WL 116756, at *1 (N.D. Ill. Apr. 15, 1993). In the present case, Markham paid a $50,000 deductible, but it appears that it did so in in connection with defense costs, not to pay or settle the judgment that White obtained. *See* Defs.' Mot. to Dismiss, Ex. 2 (Knapp Affidavit) ¶ 9. For that reason, Markham does not own a portion of the current claim that Scottsdale is asserting in this case, and thus Markham not a real party in interest under Rule 17. *Cf. State Farm Fire & Cas. Co.*, 2012 WL 1287698, at *2 (indicating that where the insurer is not asking to recover the deductible, the party or parties that paid the deductible need not be joined).

Having concluded that Markham is not a real party in interest under Rule 17, the Court turns to whether Markham is a necessary party under Rule 19(a). Under Rule 19 (a), a party must be joined if feasible – in other words, it is a "necessary" party – if: (1) complete relief among the existing parties cannot be accorded without that party's presence; (2) the ability of the absent party to protect its interests would be impaired by its absence from the litigation; and (3) existing parties would be subjected to multiple or inconsistent obligations if joinder is not required. *See Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999).

The first element of Rule 19(a) is not satisfied in this case. That portion of the rule, Rule 19(a)(1)(A), refers to the absence of complete relief "among the parties to the

5

lawsuit." *Thomas*, 189 F.3d at 667. As the Court has stated, Scottsdale has sued to recover only the amount it paid to settle the White case, in other words, the amount it paid for purposes of indemnifying Markham. Markham has no interest in recovering the amount paid to settle the claim, because it did not pay any part of the settlement. Thus the Court can accord in this lawsuit complete relief between Scottsdale and defendants.

Defendants have also failed to show that their ability to protect their interests would be impaired by Markham's absence from the litigation. *See* Fed. R. Civ. P. 16(a)(1)(B). As an equitable subrogee, Scottsdale stands in the shoes of Markham, defendants' client. Thus defendants are authorized by Illinois Rule of Professional Conduct 1.6(b)(5) to disclose otherwise privileged information to defend themselves against Scottsdale's claims. That rule does not limit authorized disclosure of privileged information to actions between the attorney and client; it expressly authorizes an attorney to disclose privileged information "to respond to allegations in any proceeding concerning the lawyer's representation of the client." *Id.* That certainly encompasses this case. Finally, even if that Rule did not exist, Markham's city attorney has, by affidavit, expressly waived the city's privilege for purposes of this litigation. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss (Miller Affidavit), Ex. A ¶ 11. In short, defendants' contention that they will be prejudiced unless Markham is joined as a party lacks merit.

Finally, there is no basis to believe that the defendants would be subjected to multiple or inconsistent obligations if Markham is not joined as a plaintiff. *See* Fed. R. Civ. P. 19(a)(1)(C). Defendants raise the possibility that Markham could sue them for malpractice. But "[h]ypothetical proceedings . . . are not sufficient to establish a potential for multiple or otherwise inconsistent liabilities . . . . " *Rotec Indus., Inc. v.*

*Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 938 (N.D. Ill. 2006). "When [an] outsider is aware of an action and does not claim such an interest, courts typically do not second-guess the decision." *Id.* at 937. In this case there is no indication that Markham intends to proceed with its own claim of legal malpractice. In fact, Markham has ratified the actions of Scottsdale in suing defendants. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss, Ex. A ¶ 12. The Court notes, in this regard, that the odds are fairly strong that at this point, any claim by Markham would be barred by the two-year statute of limitations that applies to legal malpractice claims in Illinois, seeing as how the judgment against Markham – the typical accrual date for a legal malpractice claim – was entered on February 6, 2011. *See Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1031-32 (7th Cir. 2000); 735 ILCS 5/13-214.3(b).

Because defendants have not shown that Markham is a necessary party within the meaning of Rule 19(a), there is no need for the Court to address the provisions of Rule 19(b).

In their reply brief, defendants argue that Scottsdale is a "volunteer" in payment and thus is not entitled to equitable subrogation. This argument is forfeited for purposes of the motion to dismiss, because defendants did not assert it in their opening brief – except, arguably, by way of a relatively cryptic footnote that cites no authority, which did not develop the argument sufficiently to require its consideration. *See* Defs.' Mot. to Dismiss at 7 n.2. *See Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 924 (7th Cir. 2012) (undeveloped argument in footnote is forfeited). Defendants did flesh out this argument somewhat in their reply brief. *See* Defs.' Reply at 2-3. Even then, however, they cited no legal authority supporting their contention. In any event, an

7

argument that was available to a party when it filed its initial brief but that it did not make or develop until its later-filed reply is considered forfeited. *See, e.g., Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir. 2004). In short, the Court concludes that defendants forfeited this contention for purposes of the present motion to dismiss.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss [docket no. 16].

                                               _____
                                                        MATTHEW F. KENNELLY
                                                        United States District Judge

Date: July 22, 2013

8